IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-308-BO
No. 5:10-CV-192-BO

| | |
|---|---|
| FREDERICK WAYNE WIGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate under 28 U.S.C. § 2255. For the reasons detailed below, Respondent's Motion is GRANTED. Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is DISMISSED IN ITS ENTIRETY.

## BACKGROUND

On January 5, 2009, Petitioner entered a plea of guilty to a one-count Indictment charging him with being a felon in possession of a firearm. On April 21, 2009, Petitioner was sentenced to the statutory maximum 120 months' imprisonment. No direct appeal was taken within the 10 days prescribed by Fed. R. App. P. 4(b), so Petitioner's conviction became final on May 1, 2009. *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) (Michael, J., concurring) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). The petitioner filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 28, 2010.

## DISCUSSION

Petitioner's form § 2255 motion lacks any factual or legal claims. However, Petitioner filed a supporting memorandum of law in which he claims that his sentence violates the *Blakely-Booker* line of cases and that his defense attorney was ineffective for failing to so argue.

In *Booker*, which was decided on January 12, 2005, the Supreme Court held that its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), applies to the United States Sentencing Guidelines ("the Guidelines") and, therefore, the Sixth Amendment is violated when a district court imposes a mandatory sentence under the Guidelines that is greater than the maximum authorized by the facts found by the jury alone. 125 S. Ct. at 755. It further held that two provisions of the statute creating the Guidelines system must be excised in order to make it compatible with the Sixth Amendment, thereby rendering the Guidelines advisory and their application subject to review for reasonableness. *Id.* at 764-65.

In the instant case, Petitioner's *Booker* argument is entirely without merit. Petitioner was sentenced more than four years after the Booker decision, under what was by then clearly understood to be an *advisory* Guideline sentencing system. Petitioner's apparent contention that the application of the Sentencing Guidelines to him violate his Sixth Amendment right to trial by jury is without merit. *United States v. Booker*, 543 U.S. 220, 245 (2005) (curing any constitutional defect by rendering the Guidelines advisory). Since Petitioner was sentenced under this post-Booker advisory Guidelines regime, in which the sentencing Court must still consult the Guidelines but nonetheless treat them as advisory, see *United States v. Moreland*, 437 U.S. 424, 432 (4th Cir. 2006), any *Blakely* objection raised at sentencing would have been clearly futile. Thus, Petitioner's claim of ineffective assistance of counsel with respect to his *Booker* argument is entirely without merit.

Petitioner's memorandum of law also appears to challenge the four-level enhancement applied to him pursuant to U.S.S.G. § 2K2.1(b)(6). However, Petitioner's PSR contains sufficient evidence that the firearm he illegally possessed was used in connection with his drug-dealing activities, and Petitioner presents absolutely no facts to contradict this finding or imply that defense counsel was ineffective for not arguing this point at sentencing.

Therefore, the government's Motion to Dismiss is GRANTED. Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is DISMISSED IN ITS ENTIRETY.

SO ORDERED.

This the ___ day of September, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE